# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JONATHAN JAMES NEWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:17CV254 |
| ) | |
| GEORGE SOLOMAN. ) | |
| ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entries 1 and 2.) Respondent has filed a motion for summary judgment (Docket Entry 5), a brief (Docket Entry 6), and an answer (Docket Entry 4). Petitioner, in turn, filed a response to the motion for summary judgment (Docket Entry 16) and a supporting brief (Docket Entry 17). Petitioner has also filed the following motions: (1) "Motion for Nihil Dicit Judgment to Quash Summary Judgment," (Docket Entry 7), (2) "Motion for Estoppel In Pais and Quash Answer" (Docket Entry 8), (3) "Request to Expand the Record to Include the Prison Records Mental Health Files History to Current Treatment in Camera Review" along with a supporting affidavit (Docket Entries 11 and 12), (4) "Motion to Quash the Bill of Information for Improper procedure" along with a brief and supporting affidavit (Docket Entries 19, 20, and 21), and (5) a "Motion for Judgment on the Pleadings" and supporting brief (Docket Entries 22 and 23). Petitioner has also filed a "Petition for Writ of Mandamus" along with a supplemental affidavit. (Docket Entries 24 and 25.) This matter is now prepared for a ruling.

## Background

On October 29, 2008, in the Superior Court of Guilford County, Petitioner pled guilty to first-degree murder. (Docket Entry 1, §§ 1-6.) Petitioner was sentenced to life without parole. (Id. § 3) Petitioner did not appeal. (Id. § 8) He then filed a motion for appropriate relief ("MAR") in the Superior Court of Guilford County on July 19, 2012. (Docket Entry 1, § 11; Docket Entry 6, Ex. 3.) It was denied on December 20, 2012. (Docket Entry 1, § 11(a)(8); Docket Entry 6, Ex. 4.) On March 8, 2013, Petitioner filed a federal habeas petition in the Eastern District of North Carolina, which was dismissed without prejudice on April 23, 2014. (Docket Entry 6, Ex. 5.) On December 16, 2014, Petitioner filed a civil rights suit in the Western District of North Carolina, which was dismissed in April of 2015. *See Newell v. White*, No. 1:14-CV-320-FDW, 2015 WL 1919073, *1 (W.D.N.C. Apr. 28, 2015) (unpublished).

Petitioner next filed a "Supplemental Amended Motion for Appropriate Relief to Reconsider," in the Superior Court of Guilford County on November 16, 2015. (Docket Entry 1, § 11(b)(3) at 3; Docket Entry 6, Ex. 6.) It was denied on November 23, 2015. (Docket Entry 6, Ex. 7.) Petitioner next filed a certiorari petition in the North Carolina Court of Appeals on April 4, 2016. (Docket Entry 6, Ex. 8.) It was denied on April 25, 2016. (*Id.*, Ex. 10.) On May 18, 2016, Petitioner filed a habeas petition in the North Carolina Court of appeals, which was denied on May 19, 2016. (*Id.*, Exs. 11-12.) On October 26, 2016, Petitioner filed a petition for a writ of prohibition in the North Carolina Court of Appeals, which was denied on November 2, 2016. (Docket Entries 13 and 15.) Petitioner filed his federal habeas petition in this Court on March 20, 2017. (Docket Entry 1.)

## Petitioner's Claims

Petitioner contends: (1) a lack of subject matter jurisdiction, because counsel had Petitioner unwittingly sign a bill of information waiving the indictment; (2) counsel failed to perfect a mental health evaluation and hearing; (3) counsel's error caused the court to misunderstand Petitioner's medication and evaluation to determine his capacity to enter a knowing plea; and (4) the cumulative effect of counsel's above-listed errors amount to ineffective assistance of counsel. (*See id.* § 12, Grounds One through Four.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 6 at 3-16.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any meaningful basis for addressing subparagraph (C) of § 2244(d)(1).

### A. Subparagraph (A) Triggers the Onset of the Limitations Period.

Under subparagraph (A), the one-year limitation period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, Petitioner's judgment was entered on October 29, 2008. (Docket Entry 6, Ex. 2.) Assuming Petitioner had the right to appeal, his case was final on November 12, 2008. *See* N.C. R.App. P. 4(a)(2) (fourteen days to appeal criminal judgment). Therefore, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced no later than mid-November 2008, and expired no later than mid-November of 2009. Petitioner filed his Petition in March of 2017. (Docket Entry 1 at 1.) It is more than seven years late.

It is true that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because none of

4

Petitioner's state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).[1] Here, as noted, Petitioner did not pursue any state post-conviction efforts until July of 2012. Thus, all of Petitioner's state post-conviction efforts were filed *after* the federal habeas deadline had expired.[2] Unless another subparagraph renders the Petition timely, it is time-barred.

### B. Subparagraph (B) Does Not Trigger the Onset of the Limitations Period.

Under subparagraph (B), Petitioner's one-year limitations period would begin on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

Petitioner contends that he filed a civil rights action against the state division of prisons, and that this constituted a delay and hindrance to his ability to meet the one-year deadline to timely file his federal habeas petition. (Docket Entry 1, § 18.) Assuming Petitioner intends to invoke subparagraph (B), this contention is meritless. To begin, this contention is entirely conclusory and fails for this reason alone. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992),

---

[1] In any event, Petitioner's previously filed federal habeas petition, which was voluntarily dismissed, is insufficient to warrant any statutory tolling. *See Duncan v. Walker*, 533 U.S. 167, 172-75 (2001) (unlike filing of state habeas petition, filing of federal habeas petition does not toll limitations statute).

[2] Even if Petitioner's post-conviction pleadings entitled him to some degree of statutory tolling, which they do not for the reasons set forth above, his claims would still be time-barred. This is because any amount of statutory tolling to which Petitioner could theoretically be afforded by virtue of his post-conviction pleadings would not account for the seven years it took for him to file his federal habeas petition.

*abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). Moreover, as set forth in detail above, Petitioner's one-year period of limitation fully expired in November of 2009, years before he filed his civil rights suit in December of 2014. *See Newell v. White*, No. 1:14-CV-320-FDW, 2015 WL 789316, at *1 (W.D.N.C. Feb. 24, 2015) (unpublished), *reconsideration denied*, No. 1:14-CV-320-FDW, 2015 WL 1919073 (W.D.N.C. Apr. 28, 2015) (unpublished). Petitioner's grounds were all time-barred well before he filed a civil rights action. Subparagraph (B) does not apply here.

### C. Subparagraph (D) Does Not Trigger the Onset of the Limitations Period.

Subparagraph (D) provides that a petitioner may file an application for a writ of habeas corpus within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner explicitly invokes this subparagraph and he may be asserting that he is entitled to a later starting date because (1) N.C. Prisoner Legal Services ("NCPLS") overlooked his meritorious argument on the question of subject matter jurisdiction, (2) he was too mentally ill to discover the factual predicate of his claims through 2009, and (3) the Western District of North Carolina hindered him from discovering the factual predicates of his claims while his civil rights action was pending with it. (Docket Entry 1, § 18; Docket Entry 17 at 2, 5-6.)

As an initial matter, these arguments appear related to a request for equitable tolling, not to subparagraph (D). In any event, none of these arguments entitle Petitioner to a later starting date under this subparagraph. First, Petitioner concedes in one of his state court filings that NCPLS declined to represent him because it determined his grounds for relief had

6

Case 1:17-cv-00254-LCB-JLW   Document 26   Filed 12/01/17   Page 6 of 14

no merit.[3] (Docket Entry 6, Ex. 6, at pdf page 19.) Beyond this, a conclusory allegation that NCPLS somehow missed a valid *legal* issue is insufficient to warrant a later starting date under subparagraph (D), which focuses instead on Petitioner's diligence discovering the *factual predicate* of a claim. *Nickerson*, 971 F.2d at 1136.

Next, Petitioner's assertion that he was too mentally ill to discover the factual predicate of his claims also fails. Although Petitioner has had mental health problems and apparently attempted suicide at one point, he was found competent by a psychiatrist to stand trial. (Docket Entry 6, Ex. 4 at ¶ 12.) Beyond this, Petitioner has failed to demonstrate any meaningful likelihood that he was too mentally ill to discover the factual predicate of his grounds for relief during the relevant period. (Docket Entry 6, Ex. 4 at ¶ 12; *id.* Exs. 16-17.)[4] Third, as noted, Petitioner did not file his civil rights suit until after the limitations period had already expired. And, additionally, Petitioner's conclusory allegation that the action hindered

---

[3] It also appears that Petitioner did not contact NCPLS until 2011, that is, after the one-year limitation period had already expired. (Docket Entry 6, Ex. 6, at pdf page 19.)

[4] A progress note dated June 5, 2008, states that Petitioner attempted suicide and likely had a "schizoid or schizotypal personality with difficulty forming relationships with people around him, therefore a poor work history." Petitioner was *released and advised to continue his medications.* (Docket Entry 6, Ex. 16) Another mental health report in the record states that:

> On June 4, [2008], he was in full contact with reality, was endorsing no active suicidal or homicidal ideations. No evidence of delusions; was going back to his father's house that it [was] for sale, will eventually have to find another place to go; will go back to his job temporarily and eventually find another better paying job. He felt he had some good friends and he was going to be willing to pursue outpatient treatment.

(*Id.*, Ex. 17) Neither of these exhibits supports Petitioner's ground that he was incompetent at his guilty plea, nor do they support his contention that he was unable to discover facts related to his current claims or to pursue post-conviction relief or file a timely federal habeas petition.

7

discovery of the factual predicate of his claims is conclusory and fails for this reason alone. *Nickerson*, 971 F.2d 1125, 1136. For all these reasons, subparagraph (D) does not apply here.

### D. Petitioner Is Not Entitled to Equitable Tolling.

Petitioner may also be asserting that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 648 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner fails to satisfy either of these prongs. First, to the extent Petitioner pleads ignorance of the one-year deadline because of his pro se status, this is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Second, the potential merits of a claim do not impact the timeliness analysis, so any argument along these lines must also fail. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003).

Third, Petitioner asserts that his mental status provided "excusable neglect" for the timeliness of his petition. (Docket Entry 1, § 18.) Equitable tolling due to a petitioner's mental capacity is available "only in cases of profound mental incapacity." *Sosa*, 364 F.3d at 513. This Court finds that Petitioner's assertion of a mental illness does not demonstrate the sort of extraordinary case of "profound mental incapacity" that would justify equitable tolling. As explained, although Petitioner has had mental health problems and apparently attempted suicide, he was found competent by a psychiatrist to stand trial. (Docket Entry 6, Ex. 4 at ¶ 12.) Nor has Petitioner demonstrated any meaningful likelihood that he has suffered a "profound mental incapacity" at any point during the period in question. And, as is evinced above, Petitioner was able to file numerous post-conviction pleadings. Consequently, there is

8

no reason to believe that any medication, mental illness, or learning disability prevented him from filing a timely federal habeas petition.

Fourth, Petitioner asserts that the trial court lacked subject matter jurisdiction, apparently because counsel advised him to sign a bill of information waiving indictment. This contention is without merit. (Docket Entry 1, Ground One; *id.* § 18.) By entering his knowing, voluntary counseled guilty plea, Petitioner waived alleged errors regarding an indictment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Beyond this, in North Carolina, the Superior Court has "exclusive, original jurisdiction" over all criminal offenses against the laws of North Carolina, "not assigned to the district court division." N.C. Gen. Stat. § 7A-271. Petitioner pled guilty to violating North Carolina law in the state of North Carolina. His contention has no impact on the limitations analysis, nor does it warrant any form of tolling. *See generally United States v. Cotton*, 535 U.S. 625 (2002) (defective indictments do not deprive the state trial court of jurisdiction).

Fifth, Petitioner also makes a conclusory assertion that NCPLS somehow caused delay. (Docket Entry 1§ 18.) This contention does not warrant equitable tolling. Conclusory assertions that a lengthy NCPLS review process caused a petitioner to miss the deadline are routinely dismissed. *See, e.g., Paniagua v. Dail*, No. 1:12CV1253, 2013 WL 4764586, *4 n. 6. (M.D.N.C. Sept. 4, 2013) (unpublished) *recommendation adopted by* 2013 WL 5462283 (M.D.N.C. Sept. 30, 2013) (unpublished); *Rhew v. Beck*, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004). The fact that NCPLS apparently declined to represent Petitioner does not change the fact that the state has met its obligation to provide inmates adequate access to the courts. *See, e.g., Hood v. Jackson*, No. 5:10–HC2008–FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010)

9

(unpublished) (citing cases); *Dockery v. Beck*, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. August 1, 2002) (unpublished).[5]

Last, to the extent Petitioner asserts he is actually innocent of the crimes for which he was convicted, that claim would also fail to render his Petition timely. The Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the one year deadline. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has, at most, done no more than assert in a conclusory fashion that he is actually innocent. Mere conclusory statements are insufficient to toll the federal habeas deadline. For all these reasons, the Petition is time-barred.[6]

## "Motion for Nihil Dicit Judgment to Quash Summary Judgment"

Petitioner has also filed a "Motion for Nihil Dicit Judgment to Quash Summary Judgment" (Docket Entry 7.) It contends that Respondent's answer and motion for summary judgment are deficient. (*Id.*) This conclusory assertion has no merit. *Nickerson*, 971 F.2d at

---

[5] Nor is NCPLS a state actor that could warrant a later starting date under subparagraph (B). *See Gladden v. Washington*, No. 1:15CV207, 2015 WL 9025937, at *3 (M.D.N.C. Dec. 15, 2015) (unpublished), *dismissed sub nom Gladden v. Washington*, 668 F. App'x 58 (4th Cir. 2016), *reh'g denied* (Nov. 4, 2016) (unpublished).

[6] Even if the Petition were not time-barred, and it is time-barred for the reasons set forth above, it would still be denied for the reasons articulated in Respondent's motion for summary judgment. (Docket Entry 6 at 16-20.)

1136. Petitioner's grounds for relief are time-barred for the reasons set forth above. This motion should be denied.

## "Motion for Estoppel in Pais and Quash Answer"

Petitioner has also filed a "Motion for Estoppel in Pais and Quash Answer." (Docket Entry 8.) It also contends that Respondent's answer and motion for summary judgment are deficient. (*Id.*) This conclusory assertion has no merit. *Nickerson*, 971 F.2d at 1136. Petitioner's grounds for relief are time-barred for the reasons set forth above. This motion should be denied.

## "Request to Expand the Record to Include the Prison Records Mental Health Files History to Current Treatment in Camera Review"

Petitioner next has filed a motion entitled "Request to Expand the Record to Include the Prison Records Mental Health Files History to Current Treatment in Camera Review." (Docket Entry 11.) In it, Petitioner requests access to prison mental health records to support one or more of his grounds for relief and also, perhaps, to demonstrate why his Petition was filed beyond the expiration of the one-year deadline. (*Id.*)

"Unlike other civil litigants, a § 2254 habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Instead, to conduct discovery, a habeas petitioner "must provide reasons for the request," Rule 6(b), Rules Governing Sect. 2254 Proceedings, that establish "good cause," Rule 6(a), Rules Governing Sect. 2254 Proceedings. "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Stephens*, 570 F.3d at 204.

Here, Petitioner has failed to set forth good cause as to why discovery in any form is warranted. Petitioner fails to demonstrate any meaningful likelihood that, if he were permitted to conduct the desired discovery, he could more fully develop facts that would alter the limitations analysis set forth herein or strengthen his grounds for relief. Consequently, this motion should be denied.

### "Motion to Quash Bill of Information for Improper Procedure"

Petitioner has also filed a "Motion to Quash Bill of Information for Improper Procedure." (Docket Entry 19.) In it, Petitioner seeks to quash the bill of information filed in his state criminal proceedings. (*Id.*) This is additional argument in support of one or more grounds of his federal habeas petition. (Docket Entry 1.) As explained, Petitioner's grounds for relief are time-barred. Consequently, this motion should be denied.

### Motion for Judgement on the Pleadings

Petitioner has also filed a motion for judgement on the pleadings. (Docket Entry 22.) This motion contains additional argumentation as to why the Petition (Docket Entry 1) should be granted. However, as explained, the grounds for relief contained in Petitioner's pleadings are time-barred. Consequently, this motion should be denied as well.

### Petition for Writ of Mandamus

Petitioner has also filed a petition for writ of mandamus. (Docket Entry 24.) In it, Petitioner contends that the North Carolina Department of Public Safety, Division of Adult Corrections, will not provide him with proper legal representation, access to a law library or legal materials, and because NCPLS is underfunded. (*Id.* at 1-4.) Petitioner asks this Court to enter an order ordering the state to remedy these deficiencies. (*Id.* at 5.)

12

Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. Authority to issue a writ of mandamus extends only to federal officers, employees, or agencies. *See* 28 U.S.C. § 1361; *AT & T Wireless PCS, Inc. v. Winston–Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n.3 (4th Cir. 1999); *see also In re Smith*, 694 F. App'x 153, 154 (4th Cir. 2017) ("[T]his court does not have jurisdiction to grant mandamus relief against state officials and does not have jurisdiction to review final state court orders[.]") (citations omitted). This Court is without authority to afford Petitioner the remedy he seeks here. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *Anderson v. Warden*, No. CV DKC-16-3551, 2016 WL 6525638, at *1 n.3 (D. Md. Nov. 2, 2016) (unpublished); *Arisman v. California State Supreme Court*, No. C00 1808PJH, 2000 WL 1610745 (N.D. Cal. Oct. 23, 2000) (unpublished). The Court should therefore dismiss the petition without prejudice for lack of jurisdiction.

## CONCLUSION

Petitioner's grounds are time-barred and none of his motions warrant relief. Neither a hearing, nor discovery, nor the appointment of counsel, nor any other relief is warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED** as time-barred, and that Judgment be entered dismissing this action.

**IT IS FURTHER RECOMMENDED** that Petitioner's "Motion for Nihil Dicit Judgment to Quash Summary Judgment" (Docket Entry 7), "Motion for Estoppel in Pais and Quash Answer" (Docket Entry 8), "Request to Expand the Record to Include the Prison

13

Records Mental Health Files History to Current Treatment in Camera Review" (Docket Entry 11), Motion to "Quash the Bill of Information for Improper Procedure" (Docket Entry 19), and motion for judgment on the pleadings (Docket Entry 22), be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the petition for writ of mandamus (Docket Entry 24) be **DISMISSED** without prejudice for lack of jurisdiction.

Joe L. Webster
United States Magistrate Judge

December 1, 2017

14

Case 1:17-cv-00254-LCB-JLW   Document 26   Filed 12/01/17   Page 14 of 14